CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 31 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CHERRY L. DUFF, )
) Civil Action No. 5:05CV00088
Plaintiff, )
)
v. ) **MEMORANDUM OPINION**
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, ) By: Honorable Glen E. Conrad
) United States District Judge
Defendant. )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Cherry L. Duff, was born on December 27, 1965. Ms. Duff earned a general equivalency degree. She has additional training as an industrial sewer. Plaintiff has worked as an assistant supervisor, packer, inspector, material handler, and beam cleaner. She last worked on a regular and sustained basis in 2002. On November 26, 2002, Ms. Duff filed applications for disability insurance benefits and supplemental security income benefits. She alleged that she became

disabled for all forms of substantial gainful employment on September 10, 2002 due to arthritis, bone spurs on two of her lumbar discs, bone spurs on her right knee, hip problems, strained back, high blood pressure, and diabetes. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms. Duff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Ms. Duff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated November 9, 2004, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Duff suffers from a severe musculoskeletal impairment and massive obesity. Because of these conditions, the Law Judge held that plaintiff is disabled for past relevant work roles. However, the Law Judge found that Ms. Duff retains sufficient residual functional capacity to perform a limited range of sedentary work activity, not requiring climbing, balancing, stooping, kneeling, crouching, or crawling. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Ms. Duff retains sufficient functional capacity to perform several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Duff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g).

Plaintiff appealed the Law Judge's denial of benefits to the Social Security Administration's Appeals Council. In connection with her appeal, Ms. Duff submitted new medical evidence.

However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Ms. Duff has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The court believes that there is a very close question as to whether plaintiff's physical problems, standing alone, are so severe as to render her disabled for all forms of substantial gainful employment. Ms. Duff suffers from massive obesity. She is 64 inches tall, and generally weighs in excess of 300 pounds. She also suffers from some stenosis and degenerative changes in her lower back, as well as osteoarthritis in many of her weight bearing joints. Several doctors have opined that plaintiff's physical problems are so severe as to prevent all work activity. However, the court finds it unnecessary to consider the evidence of plaintiff's physical impairments in any great detail, inasmuch as the court believes that the undisputed medical record establishes that plaintiff's nonexertional impairments are so severe as to render her disabled for the limited range of sedentary work for which the Law Judge found she

3

is otherwise physically capable. The court concludes that there is not substantial evidence to support the Law Judge's reliance on the reports of a nonexamining psychologist in support of the conclusion that plaintiff has no significant nonexertional impairments. The court concludes that Ms. Duff has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

Dr. R. Bentley Calhoun has provided regular medical care for Ms. Duff. Dr. Calhoun has produced several reports which suggest that plaintiff is totally disabled due to her physical problems. Dr. Calhoun has also noted symptoms of depression. Possibly as a result of Dr. Calhoun's report of emotional symptoms, the state disability agency referred Ms. Duff to Dr. David Leen for a consultative psychological evaluation. Dr. Leen produced a report on August 6, 2003. At that time, plaintiff was taking antianxiety medication prescribed by Dr. Calhoun. Dr. Leen noted a prior hospitalization for psychiatric treatment in 1998, following onset of depression, panic disorder, and anxiety attacks. After a clinical interview, Dr. Leen diagnosed depressive disorder and panic disorder in remission. The psychologist went on to assess plaintiff's overall condition and potential for substantial gainful activity as follows:

> The claimant receives the diagnosis of depressive disorder, not otherwise specified, since she currently presents clinically with indications of significant depressive disturbance and at least a significant portion of her depressive symptoms maybe effects of her current somatic pain. The current GAF is 52. This woman appears in need of medical or psychiatric re-evaluation of her response to treatment thus far of her emotional dysfunction. She probably retains sufficient cognitive intactness at this time to manage her own funds.
>
> Secondary to the claimant's depressed moods, crying spells, fatigue, diminished interests and diminished sense of pleasure, she is unable to perform complex or challenging work activities with or without additional supervision. From the standpoint exclusively of her mental status, she appears able to perform relatively simple repetitive work activities on a part-time basis provided she has a highly structured and supportive work situation. She would require high levels of support

4

and consistency in her home and work situations in order to maintain reliable attendance in a workplace. Her abilities for dealing appropriately and effectively with co-workers, supervisors and the public are mildly to moderately impaired secondary to her depressive symptoms. She appears significantly impaired in her reserve stress tolerance and would probably find the usual stresses of competitive work, even on a part-time basis, intermittently overwhelming.

(TR 201-202).

A state agency psychologist, Dr. Michelle Eabon, submitted a psychiatric review technique form on August 26, 2003. Dr. Eabon did not personally examine or interview Ms. Duff, but instead relied upon the psychological findings of Dr. Leen. Dr. Eabon concluded that Ms. Duff does not experience any severe emotional impairment.

Plaintiff began seeking treatment at a local mental health clinic in October 2003, at the recommendation of her attorney. She was assigned to group and individual counseling. Ms. Duff missed several meetings in the Spring of 2004, because she was out of town caring for a sick relative. On March 9, 2004, a mental health worker recommended that Ms. Duff engage in volunteer work or part-time employment.

Sometime after the Administrative Law Judge rendered his decision, plaintiff, through her attorney, submitted new medical evidence. The new evidence includes a series of reports from Dr. Marigail Wynne, the psychiatrist who saw plaintiff in connection with the treatment provided at the local mental health clinic.[1] Dr. Wynne produced her first report on August 23, 2004, several months

---

[1] In a case such as this, the court might normally find it necessary to remand the matter to the Commissioner of Social Security for further consideration of the medical evidence submitted after the date of the Administrative Law Judge's decision. See Alexander v. Apfel, 14 F.Supp. 2d 839, 843 (W.D. Va. 1998). However, the court believes that this case presents one of those exceptional instances in which it is clear upon review of "interim" evidence, that the Commissioner's underlying decision is not supported by substantial evidence. See Alexander v. Apfel, supra, at n. 2. The court notes that in adopting the Law Judge's opinion as the final decision of the Commissioner in the instant case, the Appeals Council considered Dr. Wynne's reports on the merits. (TR 9).

5

prior to the date of the Administrative Law Judge's opinion. Dr. Wynne listed initial findings as follows:

> MENTAL STATUS EXAM: Mental status exam revealed an obese middle-aged woman who is walking with a cane. She is missing two front teeth. She is casually, but appropriately dressed. She has on no make up. She is cooperative with good eye contact. Her speech is normal in tone and volume. Mood is "bad." Affect is dysphoric and restrictive with a lot of tears. Thought process is logical and linear. Perception alterations: none. Thought content reveals no suicidal or homicidal ideations and no clear delusions.
>
> ASSESSMENT: Ms. Duff has had a very difficult life with physical and verbal abuse from her stepfather and may well have post traumatic stress disorder characterized by depression and anxiety symptoms. She also has many physical problems with chronic back pain and coronary disease as well as obesity. Since she has responded partially to a low dose of Zoloft, my plan would be to increase the Zoloft to a more therapeutic dose. Certainly, she needs to continue with Leigh in counseling.

(TR 365). The psychiatrist diagnosed post traumatic stress disorder with symptoms of depression and anxiety.

Dr. Wynne continued to see Ms. Duff on a somewhat sporadic basis. The psychiatrist noted varying results with the Zoloft, and switched plaintiff to Lexapro on April 29, 2005. Ms. Duff continued to experience worsening depression and anxiety, prompting Dr. Wynne to begin administration of Paxil in May, 2005. Ms. Duff experienced much better results with the Paxil. In July, 2005, Dr. Wynne reported that plaintiff's depression was in remission. On September 2, 2005, Dr. Wynne submitted a medical impairment questionnaire. Dr. Wynne noted serious limitations in many of plaintiff's work-related emotional components. The psychiatrist reported that Ms. Duff is unable to sustain regular work attendance, sustain an ordinary work routine without special supervision, or complete a normal work day or work week without interruptions due to her symptoms. Dr. Wynne opined that plaintiff has no useful ability to perform at a consistent pace or

6

to deal with normal work stresses. The psychiatrist noted extreme deficiencies in plaintiff's capacity for concentration, persistence, or pace.

In short, the only two mental health specialists who have personally examined Ms. Duff both concluded that plaintiff is unable to engage in regular work activity. Dr. Leen noted indications of significant depressive disturbance and emotional dysfunction. He indicated that Ms. Duff would be unable to engage in full-time employment, and that she is significantly impaired in her ability to tolerate work stresses. Dr. Wynne, the psychiatrist who saw plaintiff on multiple occasions in connection with treatment at the mental health clinic, also produced findings indicating disabling depressive symptomatology. Dr. Wynne specifically observed that Ms. Duff has no useful ability to deal with work stresses or to complete a normal work day without interruptions. At the time of the administrative hearing, the vocational expert testified that there would be no work available for Ms. Duff if she is unable to function on a sustained basis. (TR 79).

In a memorandum in support of her motion for summary judgment, the Commissioner argues that the Administrative Law Judge properly relied upon the psychiatric review completed by Dr. Eabon, the state disability agency psychologist, in determining that Ms. Duff does not experience disabling emotional symptomatology. The court is unable to agree. The court again notes that Ms. Duff was referred to Dr. Leen by the state disability agency. It makes little sense to refer plaintiff for a clinical evaluation by a psychologist if that psychologist's findings are to be rejected on the basis of opinions of another psychologist who did not actually examine the claimant. Under 20 C.F.R. §§ 404.1527(d) and 416.927(d), "more weight" must be accorded to the opinion of a medical source who has actually examined the claimant. If the Commissioner had reason to believe that Dr.

7

Leen's assessment was incomplete, inaccurate, or overstated, the Commissioner had full authority to require Ms. Duff to appear for a consultative psychiatric or psychological evaluation by another mental health specialist designated by the state disability agency. See 20 C.F.R. §§ 404.1517, et seq., and 416.917, et seq.

In any event, in reviewing Dr. Leen's report, Dr. Eabon did not have the benefit of the psychiatric assessment offered by Dr. Wynne following her many months of treatment of Ms. Duff at the local mental health clinic. As a psychiatrist, Dr. Wynne was better placed to assess the severity of plaintiff's emotional problems than were the psychologists. Under 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5), it is noted that "more weight" is generally given to the opinion of a specialist about medical issues related to her area of specialty. Moreover, pursuant to 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), "more weight" should be given to the reports from treating sources, such as Dr. Wynne.

The bottom line is that both examining mental health specialists in this case produced reports and opinions which indicate that Ms. Duff is totally disabled. One specialist saw plaintiff at the behest of the Disability Determination Services and the other evaluated plaintiff as a treating medical source. The court can only conclude that Ms. Duff has met the burden of proof in establishing that her emotional problems are so severe as to render her disabled for the very limited range of sedentary work for which she might otherwise be physically capable.[2] It follows that Ms. Duff has met the burden of proof in establishing total disability for all forms of substantial gainful employment. The

---

[2] As noted above, there is substantial question as to whether Ms. Duff is physical capable of engaging in substantial gainful activity on a regular and sustained basis.

court finds that plaintiff has met the burden of proof in establishing that she became disabled for all forms of work on September 10, 2002 as alleged in her application for benefits.[3]

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed and the case remanded for the establishment of proper benefits. The Commissioner's final decision denying supplemental security income benefits will also be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under that benefit program, the court must remand the case for an appropriate determination. An order and judgment in conformity will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 31st day of July, 2006.

*[signature]*

United States District Judge

---

[3] The court's opinion should not necessarily be taken to indicate that Ms. Duff has remained disabled to the present time, or that she will remain disabled indefinitely. Indeed, Dr. Wynne's more recent office notes strongly suggest that plaintiff has enjoyed substantial improvement upon administration of proper psychotropic medication. On the other hand, there is every reason to believe that Ms. Duff's physical problems remain unabated.

9